UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JESSICA McKINNON
                        Plaintiff

                                                   **COMPLAINT**
                                                   **JURY TRIAL DEMANDED**
    --Against--                                     06-Cv-1001

HERMES OF PARIS, INC.
                        Defendants
-------------------------------------------------------x

       JESSICA McKINNON, by and through her attorneys, LAW OFFICES OF AMBROSE WOTORSON, alleges as follows:

I.       INTRODUCTION

1.       This is an action pursuant to 42 U.S.C. Section 1981 and New York's common law for Breach of Contract. Plaintiff contends that defendant entered into a settlement agreement with her – after she filed a racial discrimination lawsuit -- which mandated that defendant refrain from ever disparaging her. Plaintiff contends that defendant has repeatedly disparaged her to prospective employers in violation of the agreement, and that this has frustrated her efforts to obtain permanent employment in New York City's high end fashion retail industry. Plaintiff further contends that defendant has repeatedly disparaged her in retaliation for her prior racial discrimination lawsuit.

2.       Defendant's misconduct is ongoing in nature.

II    <u>PARTIES</u>

3. JESSICA McKINNON resides at 505 Columbus Avenue, Apartment 5-B, New York, New York, and she sues in her own behalf. She was employed by HERMES OF PARIS, INC., as a Sales Associate.

4. Defendant, HERMES OF PARIS, INC., is a for-profit and upscale clothing manufacturer and retailer. At all relevant times, its principal place of business was in New York City, located at 55 East 59th Street, New York, New York 10022. The Company employed plaintiff as a Sales Associate.

III.    <u>JURISDICTION AND VENUE</u>

5. This Court has jurisdiction over this action under 42 U.S.C. Section 1981, and this Honorable Court previously had jurisdiction over the underlying employment lawsuit that gave rise to the settlement agreement which defendant breached. Venue is proper because the acts complained of herein occurred in this judicial district.

IV    <u>FACTUAL AVERMENTS</u>

6. Hermes hired plaintiff on or about September 11, 1991.

7. Plaintiff's performance was satisfactory.

8. In a lawsuit filed on or about December 3, 2004, plaintiff contented that the terms, privileges and conditions of her employment relationship with Hermes were adversely affected by discrimination and/or retaliation. In fact, plaintiff claimed that she had been subjected to a hostile work environment, that she was told that she had a bad body odor, that she complained that her salary was low in comparison to similarly-situated white employees, that she was subjected to retaliatory performance evaluations and write ups, and finally, that she when refused

to resolve an EEOC complaint against defendant and retained counsel, she was wrongfully terminated.

9. On or about May 31, 2005 and June 6, 2005, the plaintiff and Hermes entered into a settlement agreement. Paragraph "9(b)" of that agreement states: "The Company agrees that Maureen Baltazar and Elfie Campbell will not disparage, or make any public statements, to the press or otherwise, that disparage or might tend to disparage you. You agree that you will direct any requests for a reference to the Manager of Human Resources, and not to any other employee of Hermes, at the Madison Avenue store, corporate office or elsewhere. *The Manager of Human Resources will solely confirm your dates of employment and last position with Hermes*." (Emphasis supplied).

10. Moreover, defendant insisted, in paragraph "11" of the settlement agreement, that any breach of the agreement *by plaintiff*, would, at a minimum, amount to $50,000 in liquidated damages. (Emphasis supplied).

11. However, on or about October 31, 2005, defendant's own Director of Human Resources, Michael Garmon, disclosed to a background checking company based in California, that, plaintiff "has a very large file."

12. On information and belief, "a very large file" is human resources code for "problem employee."

13. In fact, Garmon volunteered that plaintiff "has a very large file," in response to a simple question from the background checking company seeking to determine plaintiff's prior title.

14. As well, Garmon told the background checking company that plaintiff "left" the company on August 4, 2004.

15. Yet, defendant terminated plaintiff's employment on or about January 7, 2005, and she was actually paid up and until that date.

16. The misleading assertion that plaintiff "left" the company on August 4, 2004 made plaintiff look like a liar, since she had told numerous prospective employers that her employment with Hermes ended on or about January 7, 2005.

17. On information and belief, defendant has provided similarly false and misleading information to many of plaintiff's prospective employers. Indeed, plaintiff has searched, in vain, for permanent employment in the high end fashion retail industry. On information and belief, defendant's false assertions to these prospective employers in the high end fashion retail industry have caused plaintiff to remain unemployed.

18. But for plaintiff's lawsuit -- which alleged intentional racial discrimination and retaliation by Hermes -- plaintiff would not have entered into a settlement agreement which mandated that she not disparage Hermes, and that Hermes not disparage her.

19. On information and belief, Hermes intentionally violated the settlement agreement due to lingering retaliatory animus it harbored towards plaintiff after she had the temerity to file a racial discrimination lawsuit against Hermes in Federal Court.

20. As a proximate result of defendant's illegal acts towards plaintiff, plaintiff has suffered and continues to suffer substantial losses, including the loss of future earnings, bonuses, deferred compensation and other employment benefits.

21. As a further proximate result of defendant's illegal actions towards plaintiff, plaintiff has suffered and continues to suffer impairment and damage to her good name and reputation.

22. As a further proximate result of defendant's illegal actions towards plaintiff, plaintiff has suffered mental anguish and emotional injury.

23. As a further proximate result of defendant's illegal actions towards plaintiff, plaintiff has been unable to find comparable employment and/or to ameliorate her employment situation.

24. Defendant's illegal actions were willful, outrageous and were malicious, and were intended to injure plaintiff, and were done with reckless indifference to plaintiff's protected rights, entitling plaintiff to punitive and/or liquidated damages.

V.   CAUSES OF ACTION

FIRST CAUSE OF ACTION

25. Plaintiff hereby repeats and realleges each allegation in each numbered paragraph above.

26. By retaliating against plaintiff on account of her prior race discrimination lawsuit against Hermes, Hermes violated 42 U.S.C. Section 1981.

SECOND CAUSE OF ACTION

27. Plaintiff hereby repeats and realleges each allegation in each numbered paragraph above.

28. By violating the explicit and implicit terms of the settlement agreement finalized on or about June 6, 2005 between plaintiff and Hermes, Hermes breached a contract, contrary to New York's common laws.

VI.   PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court grant to her judgment containing the following relief:

a. An award of damages to be determined at the time of trial to compensate plaintiff for mental anguish, humiliation, embarrassment, and emotional injury,

b. An award of punitive and/or liquidated damages to be determined at the time of trial;

c. An award of reasonable attorney fees and the costs of this action and,

d. Such other and further relief as this Court may deem just and proper; and

e. any other equitable relief available, including an injunction against the adverse actions complained of herein.

Dated: Brooklyn, New York
February 7, 2006

>Respectfully Submitted,
>Law Offices of Ambrose Wotorson, P.C.
>
>By_____/s/_____
>Ambrose W. Wotorson (AWW-2412)
>26 Court Street
>Suite 1811
>Brooklyn, New York 11242
>
>718-797-4861